Dear Dr. Falterman:
You requested an opinion from this office regarding whether parish government can bill the municipalities within the parish for the coroner's charges related to commitments for mental health reasons. While the law is clear as to which governing authority has fiscal responsibility for coroner's charges related to deaths, it is ambiguous as to charges related to commitments for mental health reasons. Acts 1984, No. 570, Section 1, amended and reenacted the statutes, apparently leaving a gap in the law.
Fees authorized by R.S. 33:1556A only apply to coroners who receive compensation on a fee basis. R.S. 33:1556A(5). The law further states that the coroner shall received a $50.00 fee for papers issued in interdictions, mental or incompetent cases but the parish or municipal governing authority must approve all charges over $30.00. R.S. 33:1556A(1)(e) and (6).
When a mental examination or investigation is requested by a district attorney, judge, sheriff, chief of police or any responsible citizen, the coroner receives a fee agreed to by him and either the governing authority of the parish or the governing authority of the municipality. R.S. 33:1556A(3). This provision appears to mean that the coroner's fee is paid by either the governing authority of the parish or the municipality according to which governing authority employs the person who requests the exam, except for the citizen or resident. In that case, no guidance is given but it appears that domicile or other factors relating to the incompetent would govern the matter as provided by La. Code of Civ. Pro. Art. 4541. The notes to this article provide that venue is jurisdictional.
Thus, responsibility for fees would depend upon what type of proceeding is being instituted and who requested the proceeding.
The above provision appears to be similar in nature to the statutory guidance provided by the La. Code of Criminal Procedure, Art. 659 which provides that coroners appointed by the court to make mental examinations and reports prior to commitment in connection with criminal prosecutions receive fees that are fixed by the court and paid by the parish where the prosecution was instituted. This provision raises a question as to whether if prosecution was instituted by the municipality, the parish would still have to pay coroner's fees. The statute is silent on the matter.
R.S. 33:1556B(3) provides that the parish shall pay the fees for all mental examinations, investigations commitments and interdictions for parish prisoners. No guidance is provided as to which governing authority pays the above fees for prisoners housed in municipal jails.
R.S. 33:1556B(1) provides that the parish shall pay all necessary or unavoidable expenses certified by the coroner while R.S. 33:1556F provides that nothing in the statute shall be construed as prohibiting the payment by the parish or municipality of all necessary or unavoidable expenses certified by the coroner.
R.S. 28:53G(6) provides that when a person is confined in a treatment facility other than a state mental institution, it is the examining coroner in the parish where the patient is confined who is entitled to the fee. When a person is confined in a state mental institution in a parish other than his parish of domicile, it is the examining coroner who is entitled to the fee. In either case, the parish of the patient's domicile has the fiscal responsibility. This provision raises the question of fiscal responsibility for a patient domiciled in a municipality.
Thus, the statutes suggest that the domicile of the patient would govern the fiscal responsibility for coroner's fees in connection with mental commitment. Nothing in the statutes appears to prevent the parish government from billing a municipality when appropriate. What is unclear is when such billing is appropriate. You may wish to obtain a declaratory judgment from a court of competent jurisdiction on the matter or obtain further clarification by asking the legislature to amend the statutes.
Trusting this to be of sufficient information, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JANE BISHOP JOHNSON Staff Attorney
RPI:JBJ:jv 2841m